774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert Lewis Williams, Jr., Plaintiff-Appellant,
v.
Herman Davis, Defendant-Appellee.
 No. 84-5782
 United States Court of Appeals, Sixth Circuit.
 9/17/85
 
 1
 W.D.Tenn.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: LIVELY, Chief Judge; MERRITT, Circuit Judge; and BERTELSMAN, District Judge.*
 
 
 3
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and appellant's briefs, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Albert Lewis Williams, Jr. appeals the dismissal of his action filed under 42 U.S.C. Sec. 1983. He contends that the appellee's response to a work stoppage at Ft. Pillow State Prison violated his constitutional rights. The incidents at issue occurred on July 11, 1983, and began at approximately 7:20 a.m., when the inmates at the prison refused to assemble for work duty. Despite efforts of the appellee to resolve the crisis with inmate representatives, the inmates refused to work and remained in the prison courtyard nearly all day. Around 5:00 p.m., the warden ordered all the inmates to the west sector of the courtyard. Razor wire was strung and armed guards were positioned to keep the inmates in that portion of the prison. The work stoppage lasted three days. The appellee provided food, water, and medical care to the inmates. Also, containers were given to the inmates for toilets. During the period, four inmates were shot and wounded as they tried to leave the fenced area. The appellant was not wounded.
 
 
 5
 The appellant contended in the district court that his rights to due process were violated because he was not part of the work stoppage but was unjustifiably forced to stay in the prison yard. Additionally, the appellant argues that exposure to the elements and the unsanitary conditions while in the prison yard constituted cruel and unusual punishment. Finally, he alleges that he has suffered psychological harm because he witnessed the shooting of the four inmates during the work stoppage. The district court dismissed the action on the basis that the appellant has set forth a noncognizable claim under Sec. 1983. He found that given the emergency situation, the appellee handled the inmates in a reasonable manner. On appeal, the appellant contends the district court erroneously dismissed the action.
 
 
 6
 The appellant's due process argument is without merit. Prison officials are given wide-ranging deference in the execution of policies needed to preserve internal order and maintain security. Bell v. Wolfish, 441 U.S. 520, 547 (1979). In a prison emergency, an inmate's freedoms and privileges may be suspended; whether such suspension violates the constitutional rights of the prisoner depends on the severity and length of time they are in effect. Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982); Collins v. Ward, 544 F.Supp. 408, 412 (S.D. N.Y. 1982). In light of the circumstances of this case and the deference accorded the appellee, there was no due process deprivation in this action. See Soto v. Dickey, 744 F.2d 1260, 1267-70 (7th Cir. 1984).
 
 
 7
 Likewise, the psychological harm contention must fail. In a Sec. 1983 action, a party must allege and prove a distinct and palpable injury. Joimes, et al. v. Toledo Metropolitan Housing Authority, 758 F.2d 1086 (6th Cir. 1985). The appellant was not wounded in the incident and thus cannot allege standing on the basis of physical injury. Excessive force could give rise to a claim for emotional harm under Sec. 1983. Rhodes v. Robinson, 612 F.2d 766, 771 (3rd Cir. 1979). The appellant, however, made no allegation concerning the culpable intent required to state that type of claim; thus, he failed to state a claim under the constitution. Rhodes, id. at 772-773.
 
 
 8
 Finally, the appellant's eighth amendment argument is unconvincing. Several actions have been filed by inmates in a position similar to that of the appellant. This Court has held that the conditions in the prison yard did not rise to the level of constitutional deprivation. Holliday v. Davis, Nos. 84-5509/5746 (6th Cir., August 29, 1985).
 
 
 9
 Accordingly, it is ORDERED that the district court judgment is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation